UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District
Southern District
FILED

SEP 1 3 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal No. **M-16-1363** |
| JUAN JOSE GARZA<br>ARMANDO JIMENEZ | § § § | |

<u>SEALED INDICTMENT</u>

**THE GRAND JURY CHARGES:**

<u>Background</u>

At all times relevant to the Indictment, the United States Department of Housing and Urban Development (HUD) is a federal agency whose central mission is to make quality, affordable housing accessible to all United States citizens. In carrying out its mission, HUD oversees and funds a number of programs designed to provide affordable housing for low-income United States citizens. One such program is known as the Capital Fund Program.

1. The Capital Fund Program provides funds through electronic funds transfers (EFTs) from the Federal Reserve Bank and the Automated Clearing House, annually, to Public Housing Agencies (PHAs) for the development, financing, and modernization of public housing developments and for management improvements.

2. The funds may not be used for luxury improvements, direct social services, costs funded by other HUD programs, and ineligible activities as determined by HUD on a case-by-case basis.

3. The Donna Housing Authority (DHA) is an agency and instrumentality of the city of Donna, Texas, created pursuant the Municipal Housing Law with the power to construct, maintain, operate, and manage any housing project or affordable housing programs on behalf of the city. The DHA administers the Capital Fund Program on behalf of HUD in Donna, Texas. The

DHA operates under the direction of HUD and the DHA Board, which is appointed by the Mayor of Donna. On average, the DHA receives approximately $125,985.00 in Capital Funds annually from HUD. These funds are transferred to the local housing authority using an EFT from the Federal Reserve Bank through the Automated Clearing House.

4. The Alamo Housing Authority (AHA) is an agency and instrumentality of the city of Alamo, Texas, created pursuant the Municipal Housing Law with the power to construct, maintain, operate, and manage any housing project or affordable housing programs on behalf of the city. The AHA administers the Capital Fund Program on behalf of HUD in Alamo, Texas. The AHA operates under the direction of HUD and the AHA Board, which is appointed by the Mayor of Alamo. On average, the AHA receives approximately $45,574.00 in Capital Funds annually from HUD. These funds are transferred to the local housing authority using an EFT from the Federal Reserve Bank through the Automated Clearing House.

5. HUD's Office of Capital Improvements administers the Capital Fund Program which provides funds annually to approximately 3,200 PHA's across the country. The Office of Capital Improvements also oversees the Capital Fund Financing Program that authorizes PHA's to borrow funds conditioned on the promise to pay the debt service from Capital Fund grants. The Office of Capital Improvements provides technical assistance to PHA's, as well as to HUD Field Offices relating to the development, financing, modernization, and management improvements of public housing developments. It prepares quarterly reports for Congress on the status of the obligation and expenditure of Capital Fund grants and implements the statutory sanctions for PHA's that are in noncompliance with the statutory deadlines.

6. At all times material to this investigation, **JUAN JOSE GARZA** was the La Joya Housing Authority (LJHA) Executive Director, who was aware of housing authority procurement rules

and familiar with the Capital Funds Program. **JUAN JOSE GARZA** was also the owner/president of two construction companies; J. Builders and Crane Construction that do business with housing authorities in the Rio Grande Valley and elsewhere. **JUAN JOSE GARZA** was employed at the LJHA as the executive director from approximately 1999 through the present. As the executive director for the LJHA, **JUAN JOSE GARZA's** responsibilities included awarding contracts pursuant to the Capita Funds Program.

### Count One

From on or about July 2012 to on or about March 2013, defendants,

**JUAN JOSE GARZA**
and
**ARMANDO JIMENEZ**

unlawfully, knowingly and intentionally combined, conspired, confederated, and agreed together and with others known and unknown to the Grand Jury to devise or intend to devise a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, by transmitting or causes to be transmitted by means of wire, radio, or television, contrary to Title 18, United States Code, Section 1343.

### Manner and Means

The manner and means by which the defendants, **JUAN JOSE GARZA** and **ARMANDO JIMENEZ**, sought to accomplish the objectives of the conspiracy included, among other things the following:

a. Between July 2012 and March 2013, **ARMANDO JIMENEZ** and **JUAN JOSE GARZA** would engage in bid rigging, by submitting false bids so that **ARMANDO JIMENEZ**, acting as "Jimenez Construction", would win the bidding for construction projects for the DHA or AHA.

b. **ARMANDO JIMENEZ** would falsely present invoices to the DHA and AHA from "Jimenez Construction" requesting payment from the DHA and AHA for work that **JUAN JOSE GARZA** or his subcontractors performed.

c. **ARMANDO JIMENEZ** and **JUAN JOSE GARZA** knew and intended that the DHA and AHA would request funds to pay for the construction works through the Capital Funds Program for personnel and administrative expenses, made via the internet, to the HUD Line of Credit Control System (LOCCS) located in Charleston, West Virginia.

d. **ARMANDO JIMENEZ** and **JUAN JOSE GARZA** knew and intended that following the approved funding request, the Federal Reserve Bark (FRB) would send the funds in an EFT through the Automated Clearing House to the PHA.

e. **ARMANDO JIMENEZ** and **JUAN JOSE GARZA** knew and intended that following the electronic transfer of funds, the PHA would then pay **ARMANDO JIMENEZ** and **JUAN JOSE GARZA** for the invoice submitted.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both indicted and unindicted, committed, among others, the following overt acts in the Southern District of Texas:

1. On or about July of 2012, in Alamo, Texas, **JUAN JOSE GARZA** presented a false bid for a construction project to AHA under the name, "Crane Construction".

2. On or about July of 2012, in Alamo, Texas, **JUAN JOSE GARZA** presented a false bid for a construction project to AHA under the name, "Carlos Orillana".

3. On or about July of 2012, in Alamo, Texas, **JUAN JOSE GARZA** presented a bid for a construction project to AHA under the name "Jimenez Construction".

4. On or about August of 2012, in Alamo, Texas, AHA awarded the construction project to "Jimenez Construction".

5. In August of 2012, in Alamo, Texas, **ARMANDO JIMENEZ** using "Jimenez Construction" submitted an invoice regarding the construction project to AHA for work completed by **JUAN JOSE GARZA** and subcontractors working for **JUAN JOSE GARZA**.

6. In August of 2012, in Alamo, Texas, AHA, using the internet, requested and thereafter obtained federal funds from the HUD Capital Fund Program through an EFT from the FRB using the Automated Clearing House to pay the invoice.

7. In September of 2012, in Alamo, Texas, **ARMANDO JIMENEZ** using "Jimenez Construction" submitted an invoice regarding the construction project to AHA for work completed by **JUAN JOSE GARZA** and subcontractors working for **JUAN JOSE GARZA**.

8. In September of 2012, in Alamo, Texas, AHA, using the internet, requested and thereafter obtained federal funds from the HUD Capital Fund Program through an EFT from the FRB using the Automated Clearing House to pay the invoice.

9. On or about December of 2012, in Donna, Texas, **JUAN JOSE GARZA** presented a false bid for a construction project to DHA under the name, "Crane Construction".

10. On or about December of 2012, in Donna, Texas, **ARMANDO JIMENEZ** presented a bid for a construction project to DHA under the name, "Jimenez Construction".

11. On or about December of 2012, in Donna, Texas, DHA awarded the construction project to "Jimenez Construction".

12. In December of 2012, in Donna, Texas, **ARMANDO JIMENEZ** using "Jimenez Construction" submitted an invoice regarding the construction project to DHA for work completed by **JUAN JOSE GARZA** and subcontractors working for **JUAN JOSE GARZA**.

13. In December of 2012, in Donna, Texas, DHA, using the internet, requested and thereafter obtained federal funds from the HUD Capital Fund Program through an EFT from the FRB using the Automated Clearing House to pay the invoice.

14. In February of 2013, in Donna, Texas, **ARMANDO JIMENEZ** using "Jimenez Construction" submitted an invoice regarding the construction project to DHA for work completed by **JUAN JOSE GARZA** and subcontractors working for **JUAN JOSE GARZA**.

15. In February of 2013, in Donna, Texas, DHA, using the internet, requested and thereafter obtained federal funds from the HUD Capital Fund Program through an EFT from the FRB using the Automated Clearing House to pay the invoice.

16. In March of 2013, in Donna, Texas, **ARMANDO JIMENEZ** using "Jimenez Construction" submitted an invoice regarding the construction project to DHA for work completed by **JUAN JOSE GARZA** and subcontractors working for **JUAN JOSE GARZA**.

17. In March of 2013, in Donna, Texas, DHA, using the internet, requested and thereafter obtained federal funds from the HUD Capital Fund Program through an EFT from the FRB using the Automated Clearing House to pay the invoice.

In violation of Title 18, United States Code, Sections 1349 and 1343.

### Counts 2-8

From on or about August 2012 to on or about March 2013, in the Southern District of Texas, the defendants,

**JUAN JOSE GARZA
and
ARMANDO JIMENEZ**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud DHA, AHA and HUD's Capital Fund Program, and obtain moneys, funds, and assets owned by and under the care, custody, and control of DHA, AHA and HUD by material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so, and to obtain moneys, funds and assets, caused to be transmitted by means of wire, radio and television communications in interstate commerce in writing, sign, signal, picture and sound, that is, payment requests from the Capital Funds Program for personnel and administrative expenses, made via the internet, to the HUD Line of Credit Control System (LOCCS) located in Charleston, West Virginia.

| Count | Voucher Number | Entered | Amount | Schedule Number | Est Deposit Date | Housing Authority |
|---|---|---|---|---|---|---|
| 2 | 092-632659 | 08/07/2012 | $8,500 | LH0757 | 08/09/2012 | AHA |
| 3 | 092-636082 | 08/30/2012 | $3,000 | LH0837 | 09/04/2012 | AHA |
| 4 | 092-638172 | 09/12/2012 | $8,450 | LH0869 | 09/14/2012 | AHA |
| 5 | 092-652682 | 12/18/2012 | $11,995 | LH1168 | 12/20/2012 | DHA |
| 6 | 092-658617 | 02/05/2013 | $9,596 | LH1319 | 02/07/2013 | DHA |
| 7 | 092-664194 | 03/19/2013 | $2,399 | LH1437 | 03/21/2013 | DHA |
| 8 | 092-664556 | 03/21/2013 | $854 | LH1443 | 03/25/2013 | DHA |

In violation of Title 18, United States Code, Sections 1343 and 2.

## Notice of Forfeiture
## (18 USC §1343)

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-8 of this Indictment, the defendants,

**JUAN JOSE GARZA**
**and**
**ARMANDO JIMENEZ**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 United States Code, Section 982(a)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*[signature]*
Assistant United States Attorney